## Francis Kirsch v. Frank Wolf et al.

1. ACCOUNT STATED—*Evidence.*—This case turning upon a mere issue of fact, the court find that the preponderance of evidence does not support the verdict of the jury.

Assumpsit.—Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding.   Heard in this court at the August term, 1902.   Reversed and remanded.   Opinion filed March 2, 1903.

J. W. BLYTHE, attorney for appellant.

ALEXANDER FLANNIGEN, attorney for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This was an action of assumpsit brought by appellant against appellees in justice court.    The case was appealed to the City Court of East St. Louis, and resulted in a verdict for appellees.   Appellant is a physician, and sues appellees for services rendered them and their family, claiming $101.15 to be due him after allowing all credits.

This case turns upon this issue of fact:  If there was a settlement made July 28, 1898, and a balance agreed upon as due appellant, then there should have been a judgment for plaintiff.

Appellee Frank Wolf testifies that there was no settlement.    He admits, however, that appellant's bill was presented to him at that time for $82.80, and that he then claimed a credit of $10, which was allowed, leaving a balance of $72.80.

Appellant testifies that there was a settlement; that a credit of $10 was allowed on the account of $82.80; that the settlement was made in the presence of his druggist, and that the druggist entered it in his own handwriting in the ledger.   A page of the ledger introduced in evidence, corroborates this testimony.   He also testified that the entry was made in the usual course of business.

George Traub testifies that he was employed as druggist

by appellee; that a bill of $82.80 was presented to Wolf, who asked for a credit of $5, and that the doctor allowed him a credit of $10; that he made the entry at that time in the ledger; that they agreed upon the amount at that time; that he heard all that was said; that they were in good humor, and there was no difficulty about the statement.

The weight of evidence shows a preponderance in favor of appellant's claim that an account was stated and agreed upon at that time.

Appellee Mary Wolf testifies that she did not authorize her husband to make a settlement. But her testimony upon cross-examination indicates that she recognized him as her agent in these transactions with appellant. She testifies, referring to the balance of $72.80:

" Q. Did Mr. Wolf come home and tell you what the balance was? A. I suppose he did.

Q. How much was that? A. I don't recollect.

Q. The fact is, your husband went there several times to pay money, but you don't know whether he paid it or not? A. He told me whenever he paid him, but I did not pay any attention to it.

Q. You let Mr. Wolf transact that part of the business; pay the doctor and keep track of the receipts in this account, didn't you? A. Yes, sir.

Q. Were you satisfied with the payments your husband made? A. Yes, sir.

Q. Were you satisfied with the way he transacted the business? A. Yes, sir."

The amount in litigation in this case is not large, but if anything is due appellant, he is entitled to it. From a careful examination of the evidence, we think the case should be submitted to another jury.

Judgment reversed and case remanded.